■ WANDA SOTO-LAW, Respondent, v ARTHUR LAW, JR., et al., Appellants. (Action No. 1.) WANDA SOTO-LAW, Respondent, v ARTHUR LAW, JR., Appellant, (Action No. 2.) [695 NYS2d 564] —Order, Supreme Court, Bronx County (Judith Gische, J.), entered February 25, 1999, which, in Action No. 1, denied defendant Richard Law's motion to amend his answer to interpose certain affirmative defenses and a counterclaim for use and occupancy, denied his motion for summary judgment dismissing the action as moot and for a judgment upon his proposed counterclaim for use and occupancy and granted plaintiff leave to amend the complaint to add a claim for monetary damages, and order, same court and Justice, entered on or about July 17, 1998, which, in an action for divorce (Action No. 2), *inter alia*, granted plaintiff's motion to strike defendant Arthur Law's answer, unanimously affirmed, without costs.

In her complaint in Action No. 1, plaintiff sought declaratory and injunctive relief alleging as grounds therefor that her husband, defendant Arthur Law, had fraudulently conveyed certain real property acquired by him during the marriage to his brother, defendant Richard Law. During the pendency of the fraudulent conveyance action, Richard stopped making the required mortgage payments. Foreclosure and the public auction of the property followed. It is Richard's present contention that the foreclosure and auction of the property renders plaintiff's action for fraudulent conveyance moot since plaintiff's complaint seeks only declaratory and injunctive relief, relief which cannot be afforded now that the property has been auctioned. Under the circumstances, however, the court acted properly by denying defendant's motion to, *inter alia*, dismiss on the ground of mootness and by instead granting plaintiff leave to assert a claim for monetary damages sustained by reason of the alleged fraudulent conveyance. We agree with the motion court that if Richard and his brother Arthur are guilty of participating in the fraud alleged, they should not escape liability for the fraud solely by reason of Richard's default under the mortgage.

Also proper was the motion court's striking of defendant Arthur Law's answer in Action No. 2. The sanction, although severe, was warranted by Arthur Law's willful and repeated failure to comply with court-ordered discovery (*see, Meyer v Southampton Art Partners,* 199 AD2d 222).

We have reviewed defendants' remaining contentions and find them unavailing. Concur—Williams, J. P., Tom, Lerner, Rubin and Saxe, JJ.